UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

NOV 2 0 2013

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )   No.
                                )
v.                              )
                                )   **4:13CR483 CDP/SPM**
ANTHONY FINERSON, AND           )
SABRINA FRANKLIN,               )
                                )
        Defendants.             )
                                )

## INDICTMENT

### COUNT 1
### (Conspiracy to Commit SNAP and Food Stamp Fraud)

The Grand Jury charges that:

**I.    Introduction**

At all times relevant to this Indictment:

      Parties

      1.    Anthony Finerson (hereinafter "FINERSON") resided at 3105 Calvert Avenue, St. Louis, Missouri.

      2.    Sabrina Franklin (hereinafter "FRANKLIN") resided in St. Louis, Missouri.

      3.    FINERSON BROTHERS, LLC is a purported food-truck delivery business located at 3105 Calvert Avenue, St. Louis, Missouri 63114 in the Eastern District of Missouri.

Background of the Supplemental Nutrition Assistance Program (SNAP)

4.      The United States Department of Agriculture (USDA) administers a program called the Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program. During all relevant times alleged herein the Food Stamp Program and SNAP helped qualifying individuals and families buy food.

5.      SNAP benefits are typically issued to certified recipients and encoded electronically onto Electronic Benefits Transfer cards (hereinafter referred to as "EBT cards"). The Food and Nutrition Service (hereinafter "FNS"), an Agency of the USDA, administers the SNAP. FNS delegates to individual States the task of determining eligibility and certifying individual SNAP recipient's eligibility. Issued on a monthly basis to eligible applicants, SNAP benefits permit the recipient to purchase only eligible food items using EBT cards at FNS authorized retailers. The FNS authorizes certain grocery retail stores to accept SNAP EBT cards from authorized recipients for eligible food items. The SNAP EBT card system is a computer-based system through which the SNAP benefit authorization is received from a central computer through the "point-of-sale" (POS) terminal located at each individual retailer. When the recipient presents the EBT card to the retailer to pay for eligible food items, the retailer uses the POS, which electronically withdraws, or debits available SNAP benefits from the recipient's EBT card and account. The grocery retailer later receives a bank deposit credit for the value of the transaction in the retailer's designated business bank account. Payments to the grocery retailer are made through the FNS system and are paid by the United States through USDA appropriated funds.

6. Grocery retailers must apply and be approved to participate in the USDA SNAP. If the retailer's application is approved, then an authorization packet is forwarded to the retailer. The packet includes an authorization letter, a copy of the applicable rules and regulations regarding the program, a training book, and a CD that also discusses the requirements of the SNAP. Those materials explicitly and clearly inform retailers that the only allowable use of SNAP EBT cards is to purchase food. Items that are ineligible for sale and receipt through the use of the EBT system include non-food sales such as: cigarettes, electronics, home decor goods, and cash exchanges. Authorized retailers are specifically notified that exchanging SNAP benefits for a discounted rate of cash known as "SNAP trafficking" is prohibited by both SNAP regulations and federal criminal statutes with penalties including prison.

7. In order for a SNAP recipient to access their benefits to purchase eligible food items, the recipient must first present their EBT card to a FNS-licensed retailer. The retailer then swipes the EBT card through the store's POS, which records the EBT card number, date, time, and amount of the transaction. The recipient then enters their Personal Identification Number in order to execute a transaction.

## II. The Conspiracy

8. Between about January 1, 2011, and continuing until about March 1, 2013, within the Eastern District of Missouri and elsewhere, the defendants, FINERSON and FRANKLIN, together and with others both known and unknown to the grand jury, knowingly and intentionally conspired and agreed to defraud the USDA by using,

3

acquiring and transferring SNAP and food stamp benefits in violation of Title 7, United States Code, Section 2024(b), all in violation of Title 18, United States Code, Section 371.

9. The object of the conspiracy was to obtain cash through the unlawful use of SNAP benefits. The conspiracy was carried out, in part, by the use of a POS terminal issued to FINERSON BROTHERS, LLC, which FINERSON operated.

### III. Background to the Conspiracy

**Finerson Brothers, LLC, Anthony Finerson, and Sabrina Franklin**

10. FINERSON BROTHERS, LLC is a purported food-truck delivery business that was supposed to deliver food to individuals residing in low-income neighborhoods who could not shop for food at retail grocery establishments.

11. FINERSON BROTHERS, LLC's purported address was 3105 Calvert Avenue, St. Louis, Missouri 63114. Defendant Finerson also resided at this address, which is in the Eastern District of Missouri.

12. The Articles of Organization for FINERSON BROTHERS, LLC, filed on March 10, 2009, listed defendant FINERSON, 3105 Calvert Avenue, St. Louis, Missouri 63114, as the company's registered agent in Missouri. FINERSON was also listed as one of the co-organizers of the company.

13. On or about December 3, 2009, FINERSON BROTHERS, LLC requested a paper application from the FNS, United States Department of Agriculture, which was mailed to FINERSON BROTHERS, LLC at 3105 Calvert Avenue, St. Louis, Missouri 63114.

4

14. On or about December 30, 2009, FNS received the paper application back from FINERSON BROTHERS, LLC and, on or about January 3, 2010, that application was accepted by FNS. The application listed Karolyn Finerson, mother of defendant FINERSON, as the owner of the business. The application also indicated that the business was a food delivery route.

15. According to the application, two food delivery trucks were to be used in the food delivery route: 1) an orange 1988 Chevy, P30; and 2) an orange 1995 Chevy, P30. Both vehicles purportedly had the FINERSON BROTHERS, LLC logo/writing on the truck. The drivers of the two trucks were listed as FINERSON and another individual.

16. On or about January 25, 2010 a visit was made to 3105 Calvert Avenue, St. Louis, Missouri 63114 by a USDA representative to verify the business information FINERSON BROTHERS, LLC had provided to USDA-FNS.

17. The USDA representative met FINERSON on January 25, 2010 and FINERSON identified himself as an "owner" of the business. FINERSON stated to the representative that the food back stock for the business was located in the basement of 3105 Calvert in a sanitary manner.

18. On or about February 2, 2010, FINERSON BROTHERS, LLC, was officially authorized to participate in the SNAP. That authorization allowed FINERSON BROTHERS, LLC to accept and redeem EBT SNAP benefits.

19. On or about January 5, 2011, FINERSON contacted the USDA-FNS and told them that the two orange Chevy trucks were out of service. FINERSON said that FINERSON BROTHERS, LLC was then operating a 1997 Ford E350 Super Duty Shuttle bus that had been converted to hold shelves and a large electric freezer. Food was

purportedly acquired from Soulard Market, Save a Lot, Safeway, Sam's Club and several meat stores. Also, sales were to occur from the "bus" at 3105 Calvert Ave, St. Louis, Missouri 63114, and from neighborhood areas where the bus was regularly parked.

20. On or about, March 1, 2013, pursuant to a federal search warrant, law enforcement searched 3105 Calvert Ave., St. Louis, Missouri 63114, FINERSON'S home and the location that was supposed to serve as the storage facility for the food back stock for FINERSON BROTHERS, LLC. The property did not contain an inventory of food that would support a mobile distribution business that delivered food. In fact, the home was unkempt, contained dogs, dog feces and urine, and was far from the condition indicative of a sanitary storage facility for food.

21. At all times relevant, Defendant Sabrina Franklin (FRANKLIN) was a SNAP benefit recipient.

22. FRANKLIN redeemed her SNAP benefits for cash with FINERSON.

23. FRANKLIN also led individuals who possessed EBT SNAP cards to FINERSON so that those individuals could redeem their SNAP benefits for cash with FINERSON.

### IV. Manner and Means of the Conspiracy.

24. It was part of the conspiracy for FRANKLIN, and others known and unknown to the Grand Jury, to lead SNAP recipients to FINERSON so that FINERSON could process their benefits through FINERSON BROTHERS, LLC, provide the SNAP recipients with a reduced rate of cash for their benefits, and for FINERSON to later obtain cash from the United States government in the amount of the aggregate value of the SNAP transactions completed through FINERSON BROTHERS, LLC.

6

25. It was further part of the conspiracy that from January 2011 through March 2013, FINERSON accepted EBT cards from EBT recipients, including defendant FRANKLIN, an undercover St. Louis County Police Officer (herein after UC1 ), and others known and unknown to the Grand Jury, and FINERSON swiped the card using a FINERSON BROTHERS, LLC POS terminal, and provided himself, FRANKLIN, UC1, and others known and unknown to the Grand Jury, with cash.

26. It was further part of the conspiracy that from January 2011 through March 2013, FINERSON, and others known and unknown to the Grand Jury, made $278,045.13 in transactions using the POS EBT terminal issued to FINERSON BROTHERS, LLC, with few, if any of these transactions involving the purchase of food.

27. It was further part of the conspiracy that from January 2011 through March 2013, FRANKLIN redeemed approximately $4,840.00 in EBT benefits for cash with FINERSON through the POS EBT terminal issued to FINERSON BROTHERS, LLC.

V. **Overt Acts**

28. In furtherance of the conspiracy, the defendants FINERSON and FRANKLIN performed or caused to be performed the following acts within the Eastern District of Missouri:

    a. **JANUARY 24, 2013 TRANSACTIONS**

        i. On or about January 24, 2013, FRANKLIN led someone she believed to be a SNAP EBT recipient (CI-1) to FINERSON so that CI-1 could redeem her benefits for cash with FINERSON.

    ii. On or about January 24, 2013, FRANKLIN requested and accepted $20 from CI-1 to set up the transaction with FINERSON.

    iii. On or about January 24, 2013, FINERSON processed two transactions using two EBT cards CI-1 provided to FINERSON. One transaction was completed at approximately 11:51 a.m. for an amount of $480. The second transaction was completed at approximately 12:10 p.m. for an amount of $360. FINERSON used the FINERSON BROTHERS, LLC POS terminal for both transactions and provided CI-1 $420 cash for the transactions and two receipts, but no food.

 **b.** **FEBRUARY 7, 2013 TRANSACTIONS**

    i. On or about February 7, 2013, within the Eastern District of Missouri, FINERSON met CI-1 and processed two EBT cards CI-1 provided to FINERSON. One transaction was completed at approximately 11:23 a.m. for an amount of $485. The second transaction was completed at approximately 11:24 a.m. for an amount of $360. FINERSON used the FINERSON BROTHERS, LLC POS terminal for both transactions, provided CI-1 $430 for the transactions and two receipts, but no food.

    ii. On or about February 7, 2013, FINERSON processed a $400 transaction on the FINERSON BROTHERS, LLC POS terminal using UC1's EBT card and provided UCI with $200 for the transaction, but no food.

    iii. On or about February 7, 2013, FINERSON processed the following transactions on the FINERSON BROTHERS, LLC POS terminal using

FRANKLIN's EBT card, but provided FRANKLIN cash for the transaction, but no food:

    a.    at approximately 11:15 a.m., a transaction for $325.00;

    b.    at approximately 11:16 a.m., a transaction for $275.00; and

    c.    at approximately 11:27 a.m., a transaction for $90.00.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

### (SNAP and Food Stamp Fraud)

The Grand Jury further charges that:

1. The Grand Jury re-alleges as if fully set forth herein, all of the allegations contained in paragraphs 1-28 in Sections I-V of Count I.

2. On or about February 7, 2013, in the Eastern District of Missouri, and elsewhere,

**ANTHONY FINERSON**

the defendant herein, doing business as FINERSON BROTHERS, LLC, knowingly acquired, and possessed SNAP and food stamp benefits of a value of $100.00 or more, in a manner not authorized by Chapter 51, Title 7, United States Code, Section 2024(b) in that defendant FINERSON acquired and possessed $400.00 of USDA SNAP and food stamp benefits from UC1 in exchange for United States currency that defendant FINERSON provided to UC1, which is prohibited by statute and federal regulations governing the Food Stamp Program and the SNAP.

In violation of Title 7, United States Code, Section 2024(b) and Title 18 United States Code, Section 2, and punishable under Title 7, United States Code, Section 2024(b)(1).

## COUNT III

### (SNAP and Food Stamp Fraud)

The Grand Jury further charges that:

1. The Grand Jury re-alleges as if fully set forth herein, all of the allegations contained in paragraphs 1-28 in Sections I-V of Count I.

2. On or about February 7, 2013, in the Eastern District of Missouri, and elsewhere,

### SABRINA FRANKLIN

the defendant herein, knowingly possessed, used, and transferred SNAP and food stamp benefits of a value of $100.00 or more, in a manner not authorized by Chapter 51, Title 7, United States Code, Section 2024(b) in that $690 of USDA SNAP and food stamp benefits were possessed, used, and transferred by the defendant FRANKLIN and sold to, exchanged, and transferred to FINERSON for United States currency, which is prohibited by statute and federal regulations governing the Food Stamp Program and the SNAP.

In violation of Title 7, United States Code, Section 2024(b) and Title 18 United States Code, Section 2, and punishable under Title 7, United States Code, Section 2024(b)(1).

A TRUE BILL,

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
ANTHONY L. FRANKS, #50217MO